IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CR. No. 15-54 |
| PATRICK ROBINSON | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Defendant Patrick Robinson has filed a motion requesting an Order for "prior jail time credit." ECF No. 46. Defense counsel subsequently filed a Supplemental Motion for Jail Credit *Nunc Pro Tunc*. ECF No. 48. The government has filed a Response opposing defendant's request.

Mr. Robinson was arrested on February 6, 2015 after having been indicted in the Western District of Pennsylvania for escape from federal custody in violation of 18 U.S.C. § 751(a). Mr. Robinson had left home detention in Pittsburgh while serving the final weeks of a sentence imposed by the United States District Court in the Northern District of West Virginia. Mr. Robinson pleaded guilty on April 2, 2015, and on July 16, 2015, we sentenced him to a term of imprisonment of 12 months, to be followed by 2 years of supervised release. Mr. Robinson filed a timely appeal on July 30, 2015, which is pending in the United States Court of Appeals for the Third Circuit.

The Bureau of Prisons calculated that Mr. Robinson's credit for time already served began on April 14, 2015, rather than the date of his arrest on February 6, 2015 (or any other earlier date). Mr. Robinson essentially asks that the Court recommend to the Bureau of Prisons that he be allowed jail credit from February 6, 2015. We note that Mr. Robinson is currently housed at a Residential Reentry program with an expected release date of April 14, 2016.

1

The government argues that because Mr., Robinson's appeal is currently pending we are without jurisdiction to alter or modify his sentence. A court may correct or modify a sentence only under certain limited circumstances. Under Federal Rule of Criminal Procedure 35(a) we may correct a sentence in very limited ways only within seven days after imposition of the sentence. We may also reconsider a modification of sentence when a timely filed motion is brought pursuant to 28 U.S.C. § 2255. Finally, 18 U.S.C. § 3582(c) provides for very specific and limited circumstances under which a court may modify a sentence after it has been imposed, none of which apply in the present case.

However, Mr. Robinson's counsel does not ask for a modification or correction of his sentence. Instead he asks only that we make a recommendation to the Bureau of Prisons. To the extent any defendant seeks credit for time served, that determination is made by the Bureau of Prisons pursuant to 18 U.S.C. § 3585(b). Any defendant will get credit for whatever time he has served as calculated by the Bureau of Prisons. If there was a miscalculation by the Bureau of Prisons or if Mr. Robinson seeks a recalculation of his prior time served we agree with the government that Mr. Robinson must first seek relief from the Bureau of Prisons. That being said, we have no objection to the Bureau of Prisons giving Mr. Robinson credit for time served at a date earlier than April 14, 2015. Because the determination of credit for time served is entrusted to the Bureau of Prisons we decline to make a recommendation to the Bureau. Furthermore, to the extent we are being asked to correct or modify Mr. Robinson's sentence we are without jurisdiction to do so.

Accordingly, we will deny Mr. Robinson's Motion.

AND NOW, to-wit, this \_\_\_7th\_\_\_ day of March, 2016 it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion and Supplemental Motion for "prior jail time credit" (ECF Nos. 46 & 48) be and hereby are DENIED.

/s/ Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record

Patrick Robinson, (via defense counsel)